UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **13-31 SPORT, LLC;** | ) CIVIL ACTION NO.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR INFRINGEMENT OF |
| | ) UNITED STATES PATENTS: |
| v. | ) |
| | )   1. NO. 6,598,234; |
| **DICK'S SPORTING GOODS, INC.;** | )   2. NO. 6,499,139. |
| | ) |
| Defendant. | ) [35 U.S.C. 271] |
| | ) |
| | ) |

Plaintiff 13-31 Sport, LLC, alleges against Defendant Dick's Sporting Goods, Inc.:

### PRELIMINARY ALLEGATIONS

1. This action arises under 35 U.S.C. § 271 for Dick's Sporting Goods, Inc.'s infringement of 13-31 Sport, LLC's United States Patent No. 6,598,234 ("the '234 Patent"), and United States Patent No. 6,499,139 ("the '139 Patent").

### The Parties

2. Plaintiff 13-31 Sport, LLC is an inventor-owned company. 13-31 Sport, LLC is a limited liability company organized under the laws of the State of Kansas and is at 9604 West 121st Terrace, Overland Park, Kansas 66213.

3. Upon information and belief, Defendant Dick's Sporting Goods, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 345 Court St., Coraopolis, Pennsylvania 15108. Dick's Sporting Goods, Inc. may be served through its registered agent for service, Corporation Service Company d/b/a CSC – Lawyers Inco., 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Dick's Sporting Goods, Inc. operates a local sporting goods store to sell sporting equipment to consumers at their store located at 170 East Stacy Road, Allen, Texas 75002 and at various other store locations across the United States and online at www.dickssportinggoods.com.

## Jurisdiction & Venue

5. This action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Dick's Sporting Goods, Inc. because Dick's Sporting Goods, Inc. is registered to do business in Texas, has committed acts of infringement within Texas giving rise to this action, and has established minimum contacts with this forum so the exercise of jurisdiction over Dick's Sporting Goods, Inc. would not offend traditional notions of fair play and substantial justice. Dick's Sporting Goods, Inc. maintains substantial, systematic, and continuous contacts with Texas, and/or Dick's Sporting Goods, Inc. has purposefully directed infringing activities at residents of Texas, and this litigation results from those infringing activities. Dick's Sporting Goods, Inc. has committed and continues to commit acts of infringement in this District by, among other things, using, offering for sale, and selling products that infringe the '234 and '139 Patents.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Dick's Sporting Goods, Inc. resides in this District by having a regular and established presence within this District. Dick's Sporting Goods, Inc. has maintained one of their sporting goods stores at 170 East Stacy Road, Allen, Texas 75002 for many years and has committed and is committing acts of

infringement in the State of Texas by selling infringing products to Texas residents online and in their various stores in Texas.

## Patent-In-Suit

8.  13-31 Sport, LLC is the owner by assignment of all right, title, and interest in and to the '234 Patent, entitled "Face Guard" which was duly and legally issued on July 29, 2003 by the United States Patent and Trademark Office to the inventors Chrisanthia Brown and Billie Jean Smith. The '234 Patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '234 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.  13-31 Sport, LLC is the owner by assignment of all right, title, and interest in and to the '139 Patent, entitled "Face Guard" which was duly and legally issued on December 31, 2002 by the United States Patent and Trademark Office to the inventors Chrisanthia Brown and Billie Jean Smith. The '139 Patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '139 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

10.  The '234 & '139 Patents claim a novel face guard configured for protecting the face of a baseball/softball player from a baseball/softball when the guard is donned by the player without restricting the player's generally horizontal line of sight. *See*, *e.g*. Exhibit 1 & Exhibit 2, '234 Patent, Col. 1:5-15, 3:61-64 & '139 Patent Col. 1:10-20, 3:58-62. Prior face guards were designed for catchers, which included significant padding and/or framing around the face of the user for protective purposes making the mask bulky and tending to obstruct aspects of the player's vision. *See*, *e.g*., *id.* at Col. 1:19-28 & Col. 1:14-23, respectively. Prior face guards were designed for pitchers, infielders, etc. which undesirably obstruct the player's horizontal line of sight, including the player's peripheral vision, either because the framing interferes with the player's vision when the mask is properly positioned or because the mask moves relative to the player's

face during use. For example, prior art infielder masks cannot be sufficiently secured to the face to substantially absorb the impact forces of a ball engaging the mask and/or the masks are not sufficiently configured to adequately transfer the absorbed impact forces (*e.g*., the masks are not spaced from the face, the face is not insulated from the mask, etc.). *See, e.g*., *id.* at Col. 1:32-44 & Col. 1:27-40, respectively. Furthermore, prior art infielder masks are difficult to don, requiring the player to use both hands to position the mask on the face and hold it there while simultaneously adjusting the necessary straps to secure the mask to the face. These limitations are undesirable because they discourage ball players from wearing the masks compromising the players' safety. *See, e.g. id*. at Col. 1:45-51 & Col. 1:40-46, respectively.

11. To solve these issues with the prior art face guards, the '234 Patent & '139 Patent introduced a novel face guard. The improved face guard of the '234 Patent & '139 Patent provides effective yet comfortable protection for a baseball/softball player's face from a baseball/softball without restricting the player's generally horizontal line of sight when the guard is donned by the player. The said improved face guard can be easily and sufficiently secured to the player's face and once secured thereto remains adequately spaced and insulated from the face to substantially absorb impact forces of a ball engaging the guard without undesirably transferring the forces to protected features of the face. *See, e.g. id*. at Col. 1:54-65 & Col. 1:50-61, respectively.

12. To solve these issues in the prior art face guards, the improved face guard disclosed in the '234 Patent claims: A face guard for protecting a baseball player's face from a baseball without restricting the player's generally horizontal line of sight when the guard is donned by the player, the face guard comprising: An open framework configured to prevent a baseball from contacting the player's face when the guard is donned. *See e.g*. '234 Patent Fig. 1, Cols. 2:2-5, 2:25-28, 2:49-52, 3:15-27, 3:65-66, 7:10-11. Said framework including a plurality of vertically

spaced crossbars extending across the player's face when the guard is donned. *See e.g*. '234 Patent Fig. 1, Cols. 2:10-13, 2:33-36, 2:57-59, 3:18-19, 4:3-5, 7:12-15. Said framework further including a plurality of risers interconnecting the crossbars. *See e.g*. '234 Patent Fig. 1, Cols. 2:13-14, 2:60-61, 7:15-16. Said framework defining an open section being positioned generally adjacent to the player's generally horizontal line of sight when the guard is donned. *See e.g*. '234 Patent Fig. 1, Col. 1:32-34.  Said open section being devoid of risers. *See e.g*. '234 Patent Fig. 1, Cols. 1:10-15, 1:58-60, 2:60-63, 4:41-44, 4:64-66, 7:20. A plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned. *See e.g*. '234 Patent Fig. Cols. 2:5-6, 2:28-29, 2:52-53, 7:21. And compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned. *See e.g*. '234 Patent Fig. 1, Cols. 2:7-8, 2:31-32, 2:54-55, 7:24-25. Said padding presenting a brow pad and a chin pad. *See e.g*. '234 Patent Fig. 1 & Fig. 4, Cols. 2:15-16, 3:6-7, 7:26-27. Said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned. *See e.g*. '234 Patent Fig. 1& Fig. 4, Cols. 2:16-18, 3:9, 7:29-31. Said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned. *See e.g*. '234 Patent Fig. 1 & Fig. 4 Cols. 2:18-20, 2:32-35, 3:10-12, 5:9-11, 7:31-33. Said risers being free of said padding. *See e.g*. '234 Patent Fig. 1 & Fig. 4, Cols. 2:20-21, 7:35. Said plurality of straps including a securing strap being coupled relative to the chin pad and being configured to snugly enclose the crown of the player's head and thereby secure the guard on the player's face once the guard is positioned on the player's face. *See e.g*. '234 Patent Fig. 3, Cols. 2:65-67 & 3:1-7, 5:44-50, 6:48-58, 7:35-40.

13.     To solve these issues in the prior art face guards, the improved face guard disclosed in the '139 Patent claims: A face guard for protecting a baseball player's face from a baseball

without restricting the player's generally horizontal line of sight when the guard is donned by the player, the face guard comprising: An open framework configured to prevent a baseball from contacting the player's face when the guard is donned. *See* '139 Patent Fig. 1, Fig. 2, Cols. 1:65-67 & 2:1, 2:21-24, 2:45-48, 7:6-7. Said framework including a plurality of vertically spaced crossbars extending across the player's face when the guard is donned. *See* '139 Patent Fig. 1, Fig. 2, Cols. 2:6-9, 2:29-32, 2:53-56, 7:8-10. Said framework further including a plurality of risers interconnecting the crossbars. *See* '139 Patent Fig. 1, Fig. 2, Cols. 2:6-9, 2:29-32, 2:55-56, 7:11-12. Said framework being positioned, when the guard is donned, outside of the player's generally horizontal line of sight; *See* '139 Patent Fig. 1, Fig. 2, Cols. 2:9-11, 2:32-34, 2:56-58, 4:18-20, 4:30-33, 7:14-16. A plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned. *See* '139 Patent Fig. 1, Fig. 3, Cols. 2:1-3, 2:24-26, 2:48-50, 7:17-19. Compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned. *See* '139 Patent Fig. 1, Fig. 3, Cols. 3:62-64, 4:65-67 & 5:1-2, 5:25-30, 7:20-22. Said padding presenting a brow pad and a chin pad. *See* '139 Patent Fig. 1, Fig. 4, Cols. 2:11-12, 3:3, 7:23. Said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned. *See* '139 Patent Fig. 1, Fig. 4, Cols. 5:3-4, 7:25-27. Said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned. *See* '139 Patent Fig. 1, Fig. 4, Cols. 2:14-16, 2:29-31, 3:6-8, 5:8-10, 7:28-31. Said risers being free of said padding. *See* '139 Patent Fig. 1, Fig. 4, Cols. 2:16-17, 7:31. Said framework including a chin bar extending below the chin of the player when the guard is donned. *See* '139 Patent Fig. 1, Fig. 2, Fig. 4, Cols. 4:27-29, 7:32-34. Said framework including a chin guard. *See* '139 Patent Fig. 1, Fig. 2, Fig. 4, Cols. 5:13-28, 7:34-35. Said plurality of straps

including a stretchable positioning strap and first and second adjustable securing straps. *See* '139 Patent Fig. 1, Fig. 3, Cols. 2:35-38, 2:58-60, 5:49-59, 7:36-37.

**Factual Background**

14. Co-inventor Chrisanthia Brown, Ph.D. is a counseling psychologist who serves as interim dean of the School of Education at the University of Missouri-Kansas City (UMKC). She is also a professor in the School of Education's Division of Counseling and Educational Psychology. She earned her doctorate degree in Counseling Psychology from UMKC, a master's degree in counseling from California State University, Long Beach, and a Bachelor's degree from the University of California at Los Angeles. Prior to her interim dean role she served as Chair of the Division of Counseling and Educational Psychology and also served as Coordinator of the Master's program in Counseling and Guidance (Mental Health and Couples and Family). She has over 21 years of teaching in counselor preparation programs and over 32 years of experience providing counseling to culturally diverse populations. She is a licensed psychologist in Missouri and Kansas and consults various organizations, including continuing education workshops on ethics and professional issues to mental health professionals. Chrisanthia Brown has authored/co-authored over 45 journal articles, many with a multicultural focus.

15. Chrisanthia Brown was prompted to invent what embodies the '234 and '139 Patents when she witnessed a young kid get hit in the face with a brutal line drive from a baseball. At that very moment, she vowed to make playing baseball safer for children. She recruited Billie Jean Smith to co-invent the '139 Patent which was ultimately granted on December 31, 2002 and subsequently the '234 Patent on July 29, 2003.

16. Co-Inventor, Billie Jean Smith, studied legal secretarial procedures at Penn Valley Community College and thereafter studied paralegal studies at Johnson County Community

College. After graduating Billie began a legal career with a law firm in downtown Kansas City, Missouri in 1980. Billie then went to work for law firms in Kansas as a corporate paralegal gaining experience in litigation, domestic relations, real estate, probate, intellectual property, employment law, and corporate law.

17. Dick's Sporting Goods, Inc. is one of the largest sporting goods retailers in the world selling products online at dickssportinggoods.com and in over 610 local retail stores in 47 states in the United States. When an order is placed online, Dick's Sporting Goods, Inc. pulls new and used inventory from local stores to fulfill each said online order to reduce shipping costs.

18. Dick's Sporting Goods, Inc. has appropriated the inventions of the '234 & '139 Patents. Upon information and belief, Dick's Sporting Goods, Inc. sells multiple products in their stores and online that comprise a face guard for protecting a baseball player's face from a baseball without restricting the player's generally horizontal line of sight when the guard is donned by the player.

19. For example, Dick's Sporting Goods, Inc. sells these products which infringe the '234 & '139 Patents including but not limited to: Evoshield Defender's Mask, Markwort Game Face (2 versions), Mizuno MFF900, and SKLZ Defender's Field Shield.

    a. Evoshield Defender's Mask:



      b.      Markwort Game Face (version 1):



      c.      Markwort Game Face (version 2):



      d.      Mizuno MFF900:



      e.      SKLZ Defender's Field Shield:



20.     Upon information and belief, Dick's Sporting Goods, Inc. sells other infringing face guards.

## FIRST CAUSE OF ACTION

### (Infringement of United States Patent No. 6,598,234)

21.     13-31 Sport, LLC alleges and incorporates by reference the allegations in paragraphs 1 through 20, inclusive.

22.     The '234 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.     Under 35 U.S.C. § 271(a), Dick's Sporting Goods, Inc. is liable for direct infringement of at least one claim of the '234 Patent, including without limitation, claims 1, 2, 3, 4, 5, 6, 8, and 9, by having offered to sell, sold, and provided, infringing face guards including without limitation, Evoshield Defender's Mask, Markwort Game Face (2 versions), Mizuno MFF900, and SKLZ Defender's Field Shield.

24.     Attached as Exhibit 3 is an exemplary claim chart comparing claims 1, 2, 3, 4, 5, 6, 8, 9 of the '234 Patent to Dick's Sporting Goods, Inc.'s infringing face guards listed herein. 13-31 Sport, LLC does not intend Exhibit 3 to be comprehensive or limiting and 13-31 Sport, LLC reserves its rights to pursue all available infringement arguments as this case progresses. Upon information and belief, other products provided by Dick's Sporting Goods, Inc. also infringe the '234 Patent.

25.     As to the '234 Patent, Claim 1, for example, recites:

    a.     A face guard for protecting a baseball player's face from a baseball without restricting the player's generally horizontal line of sight when the guard is donned by the player, the face guard comprising:

  b. An open framework configured to prevent a baseball from contacting the player's face when the guard is donned;

  c. Said framework including a plurality of vertically spaced crossbars extending across the player's face when the guard is donned;

  d. Said framework further including a plurality of risers interconnecting the crossbars;

  e. Said framework defining an open section being positioned generally adjacent the player's generally horizontal line of sight when the guard is donned;

  f. Said open section being devoid of risers;

  g. A plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned;

  h. Compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned;

  i. Said padding presenting a brow pad and a chin pad;

  j. Said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned;

  k. Said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned;

  l. Said risers being free of said padding;

  m. Said plurality of straps including a securing strap being coupled relative to the chin pad and being configured to snugly enclose the crown of the player's head and

thereby secure the guard on the player's face once the guard is positioned on the player's face.

26. Regarding Claim 1, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with an open framework configured to prevent a baseball from contacting the player's face when the guard is donned.

27. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework including a plurality of vertically spaced crossbars extending across the player's face when the guard is donned.

28. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework further including a plurality of risers interconnecting the crossbars.

29. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework defining an open section being positioned generally adjacent the player's generally horizontal line of sight when the guard is donned.

30. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said open section being devoid of risers.

31. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with a plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned.

32. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said open section being devoid of risers.

33. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with a plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned.

34. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned.

35. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said padding presenting a brow pad and a chin pad.

36. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned.

37. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned.

38. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said risers being free of said padding.

39. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said plurality of straps including a securing strap being coupled relative to the chin pad and being configured to snugly enclose the crown of the player's head and thereby secure the guard on the player's face once the guard is positioned on the player's face.

40. Therefore, all of the elements of at least Claim 1 of the '234 Patent are infringed by Dick's Sporting Goods, Inc.

41. 13-31 Sport, LLC has been damaged by the infringement of the '234 Patent by Dick's Sporting Goods, Inc. and will continue to be damaged by such infringement. 13-31 Sport, LLC is entitled to recover from Dick's Sporting Goods, Inc. the damages sustained by 13-31 Sport, LLC as a result of Dick's Sporting Goods, Inc.'s wrongful acts.

## SECOND CAUSE OF ACTION

### (Infringement of United States Patent No. 6,499,139)

42. 13-31 Sport, LLC alleges and incorporates by reference the allegations in paragraphs 1 through 41, inclusive.

43. The '139 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

44. Under 35 U.S.C. § 271(a), Dick's Sporting Goods, Inc. is liable for direct infringement of at least one claim of the '139 Patent, including without limitation, claims 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, by having offered to sell, sold, and provided, infringing face guards including without limitation, Evoshield Defender's Mask, Markwort Game Face (2 versions), Mizuno MFF900, and SKLZ Defender's Field Shield.

45. Attached as Exhibit 4 is an exemplary claim chart comparing claims 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13 of the '139 Patent to Dick's Sporting Goods, Inc.'s infringing face guards listed herein. 13-31 Sport, LLC does not intend Exhibit 4 to be comprehensive or limiting and 13-31 Sport, LLC reserves its rights to pursue all available infringement arguments as this case progresses. Upon information and belief, other products provided by Dick's Sporting Goods, Inc. also infringe the '139 Patent.

46. As to the '139 Patent, Claim 1, for example, recites:

a. A face guard for protecting a baseball player's face from a baseball without restricting the player's generally horizontal line of sight when the guard is donned by the player, the face guard comprising:

b. An open framework configured to prevent a baseball from contacting the player's face when the guard is donned;

c. Said framework including a plurality of vertically spaced crossbars extending across the player's face when the guard is donned;

d. Said framework further including a plurality of risers interconnecting the crossbars;

e. Said framework being positioned, when the guard is donned, outside of the player's generally horizontal line of sight;

f. A plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned;

g. Compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned;

h. Said padding presenting a brow pad and a chin pad;

i. Said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned;

j. Said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned;

k. Said risers being free of said padding;

       l.      Said framework including a chin bar extending below the chin of the player when the guard is donned;

       m.      Said framework including a chin guard;

       n.      Said plurality of straps including a stretchable positioning strap and first and second adjustable securing straps.

47. Regarding Claim 1, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with an open framework configured to prevent a baseball from contacting the player's face when the guard is donned.

48. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework including a plurality of vertically spaced crossbars extending across the player's face when the guard is donned.

49. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework further including a plurality of risers interconnecting the crossbars.

50. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework being positioned, when the guard is donned, outside of the player's generally horizontal line of sight.

51. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with a plurality of straps coupled to the framework and operable to position and retain the framework on the player when the guard is donned.

52. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with compressible padding connected to the framework and configured to contact the player and thereby space the framework from the face when the guard is donned.

53. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said padding presenting a brow pad and a chin pad.

54. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said brow pad extending laterally across the face and configured to contact the brow of the player when the guard is donned.

55. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said chin pad extending vertically across the face and configured to contact the chin of the player when the guard is donned.

56. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said risers being free of said padding.

57. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework including a chin bar extending below the chin of the player when the guard is donned.

58. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said framework including a chin guard.

59. Upon information and belief, Dick's Sporting Goods, Inc. sells, sold, provides and provided a face guard with said plurality of straps including a stretchable positioning strap and first and second adjustable securing straps.

60. Therefore, all of the elements of at least Claim 1 of the '139 Patent are infringed by Dick's Sporting Goods, Inc.

61. 13-31 Sport, LLC has been damaged by the infringement of the '139 Patent by Dick's Sporting Goods, Inc. and will continue to be damaged by such infringement. 13-31 Sport, LLC is

entitled to recover from Dick's Sporting Goods, Inc. the damages sustained by 13-31 Sport, LLC as a result of Dick's Sporting Goods, Inc.'s wrongful acts.

## DEMAND FOR JURY TRIAL

62. Under Federal Rule of Civil Procedure 38(b), 13-31 Sport, LLC demands a trial by jury of any issues triable by a jury.

**WHEREFORE**, 13-31 Sport, LLC prays for judgment against Dick's Sporting Goods, Inc.:

1. A judgment for 13-31 Sport, LLC that Dick's Sporting Goods, Inc. has infringed and continues to infringe one or more claims of the '234 Patent and/or the '139 Patent either literally and/or under the doctrine of equivalents;

2. An award of damages adequate to compensate 13-31 Sport, LLC for the infringement of the '234 & '139 Patents by Dick's Sporting Goods, Inc., including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, together with pre-judgment and post-judgment interest, in an amount according to proof;

3. An award of 13-31 Sport, LLC costs of suit and reasonable attorneys' fees under 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law regarding Dick's Sporting Goods, Inc.;

4. An award of costs and expenses to 13-31 Sport, LLC; and

5. A grant to 13-31 Sport, LLC of such other and further relief as the Court may deem just and proper.

**DATED:** March 7, 2018

                              Respectfully Submitted,

                              */s/ Mark F. Underwood*
                              Mark F. Underwood
                              *Attorney in charge*
                              UNDERWOOD LAW OFFICE
                              Texas State Bar No.: 24059341
                              2530 West White Avenue, Suite 200
                              McKinney, Texas 75071
                              Telephone (972) 535-6377
                              Facsimile (972) 292-7828
                              munderwood@underwoodlawoffices.com

                              */s/ Brian C. Tooks*
                              Brian C. Tooks
                              *Pro Hac Vice Application Forthcoming*
                              Kansas State Bar 19607
                              P.O. Box 3913
                              Shawnee, KS  66203
                              Telephone 913 631-1096
                              btooks@inventprotect.com